**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS** JAMES W. McCORMACK, CLERK

**SEP 1 3 2016**

**LITTLE ROCK DIVISION**

By:_____
DEP CLERK

FLOYD PENNINGTON                                              PLAINTIFF

VS.                    Civil Case No.  4:16-cv-663- KGB

COOPER TIRE & RUBBER COMPANY,
RYDER SYSTEM, INC. D/B/A
RYDER TRUCK RENTAL
RYDER TRUCK RENTAL AND
LEASING and RYDER,                      This case assigned to District Judge _Baker_
RYDER FLEET PRODUCTS, INC.,             and to Magistrate Judge _Kearney_
STUART CLARK, truck driver, and
JOHN DOES 1-5                                                DEFENDANTS

## COMPLAINT

COMES NOW the Plaintiff, Floyd Pennington, by and through his attorneys, Duncan

Firm, P.A., and for his Complaint, states as follows:

### I. INTRODUCTION

1.      Plaintiff brings this Arkansas negligence lawsuit, involving a semi-tractor trailer

traveling southbound on United States Highway 67 (US 67), which violently and forcefully

collided with Plaintiff's motor vehicle, by number 56 mile marker, near Bald Knob, in White

County, Arkansas, on Saturday, December 7, 2013, during the early afternoon ("subject

incident").

### II. PARTIES

2.      Plaintiff Floyd Pennington resides in Newport, Jackson County, Arkansas.

3.      Defendant Cooper Tire & Rubber Company ("Cooper Tire"), is a foreign

corporation organized under the laws of the State of Ohio that sends its trucks and employees to

and through the State of Arkansas utilizing the Arkansas public roadways and the interstate

system.   Cooper Tire also has a manufacturing unit in Texarkana, Arkansas, where it

manufactures and stores vehicle tires.  Cooper Tire's corporate headquarters are located at the physical address of 701 Lima Avenue, Findlay, Hancock County, Ohio 45840.  The registered agent for Cooper Tire is CT Corporation System, 1300 East 9th Street, Cleveland, Ohio 44114.

4.      At all times complained herein, Defendant Cooper Tire, was the owner of and/or controlled the Blue Diesel 2013 Freightliner Columbia semi-tractor Vehicle Identification Number ("VIN") 3AKJGLDR4ESFH8159, and trailer registered in the State of Ohio (Tractor-Trailer), traveling through the state of Arkansas, operated by its agent/servant/employee, Stuart Clark, in the course and scope of his employment and under the direction and control of Defendant Cooper Tire, in furtherance of Cooper Tire's business interests.

5.      Defendants Ryder System, Inc. d/b/a Ryder Truck Rental, Ryder Truck Rental and Leasing and Ryder Fleet Products, Inc. (collectively "Ryder") are affiliated, joint-enterprise and joint-venture companies located at 11690 NW 105th Street, Miami, Miami-Dade County, Florida 33178.  Ryder's registered agent is Robert D. Fatovic, located at 11690 NW 105th Street Miami, Miami-Dade, County, Florida 33178.   Ryder is an American-based provider of transportation and supply chain management products, and is especially known for its fleet of rental trucks, which it provides to businesses for commercial enterprises as it did in this case by providing a Tractor-Trailer to Cooper Tire for use by its employees on United States roadways through its rental service at 11250 Brookpark Road, Cleveland, Cuyahoga County, Ohio 44130. Ryder specializes in fleet management, supply chain management and dedicated contracted carriage. Ryder operates in North America, the United Kingdom and Asia. Ryder has its headquarters in suburban Miami, Florida within Miami-Dade County.

6.      Upon information and belief, Cooper Tire, Ryder and driver Stuart Clark were involved in an agency, affiliation, partnership, joint enterprise, joint venture, and alter-ego

2

relationship and at all relevant times, these Defendants were "a motor carrier" and an "employer" of driver of "commercial motor vehicles" as those terms are used and defined by Arkansas law and in the United States Department of Transportation Federal Motor Carrier Safety Regulations and are therefore subject to such rules and regulations as promulgated and codified within 49 C.F.R. Parts 382, *et seq.*

7.     At the time of the accident, the truck driver and vehicle were insured by National Union & Fire, Insurance Policy Number 3377158, and were operating as an interstate carrier in the State of Arkansas.

8.     Defendant Stuart Clark operated the Cooper Tire and Ryder joint enterprise and joint venture Tractor-Trailer at the time of the collision. Defendant Clark's address is 3247 East Hook Waltz, Lima, Allen County, Ohio 45807. At all relevant times herein, Defendant Clark was under the control of or acting as an agent/servant/employee within the State of Arkansas, in the course and scope of his employment with Cooper Tire, in furtherance of their financial interests and directly subject to the direction and control of Cooper Tire.

### III. JOHN DOE UNKNOWN TORTFEASORS AND AGENTS

9.     Various individuals and entities not named as Defendants herein may have directly participated in the unlawful conduct alleged herein, may have performed acts and made statements in furtherance thereof or omissions, which contributed to or caused the accident. These various individuals and entities may be agents, affiliates, alter-egos, partners, joint-ventures of the named Defendants. While actively engaged in the management, direction or control of its affairs, each of the John Doe unknown tortfeasors may have performed each of the acts alleged herein, or alternatively, each John Doe unknown tortfeasors authorized or ordered duly authorized officers, agents, employees or representatives to perform said acts. These

3

tortfeasors, upon information and belief, permitted tortious acts to be committed in the State of Arkansas. To the extent that such John Doe tortfeasor(s) are liable for some or all of the Plaintiff's damages, the identity of said tortfeasor(s) has not been determined as of this date and it is necessary to conduct discovery in order to determine the identity of said tortfeasor. Pursuant to Ark. Code Ann. § 16-56-125, Plaintiff has attached a John Doe Tortfeasors Affidavit hereto as Exhibit "A," and incorporated herein by reference to toll the statute of limitations for the wrongful actions and/or omissions alleged herein against the John Doe Tortfeasor. In the event that a John Doe Tortfeasor is identified for one or more of the causes of action listed below, Plaintiff will amend his Complaint in accordance with Ark. Code Ann. § 16-56-125.

### IV. JURISDICTION AND VENUE

10.     This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), as a substantial part of the events giving rise to the claim occurred in White County, Arkansas.

### V. FACTUAL ALLEGATIONS

12.     On Saturday, December 7, 2013, at approximately 1:44 P.M., Plaintiff was traveling westbound on US Hwy. 67, near Bald Knob, in White County, Arkansas, in a red 2000 Chevrolet C/K 1500 pickup. Plaintiff was traveling southbound on US Hwy. 67 and behind traffic going up a hill. The conditions for travel were sleet, ice and snow.

13.     Defendant Clark, an employee of Cooper Tire, who was following behind Plaintiff's vehicle in a large Ryder Tractor-Trailer, with a gross vehicle rating of 26,001 pounds or more, carelessly and negligently, *inter alia*, failed to maintain a proper lookout, and failed to

4

maintain control of the Tractor Trailer such that he could yield, slow and stop the Tractor-Trailer.

14.     The Tractor-Trailer attempted to pass Plaintiff's vehicle, lost control in the conditions, skidded and violently struck Plaintiff's vehicle on the driver's side.

15.     Plaintiff's vehicle and the Tractor-Trailer were disabled at the scene due to the collision. Plaintiff's vehicle suffered extensive physical damage from the forces of the collision.

16.     Due to the force of the collision, Plaintiff sustained severe and permanent injuries, which required ongoing medical care and treatment.

17.     As a direct and proximate result of Defendants' careless, negligent and reckless conduct, as described more fully herein, Defendants are directly and affirmatively liable for the serious and permanently disabling injuries suffered by the Plaintiff, for which he seeks compensation in excess of the amount required for federal diversity jurisdiction.

## VI. CAUSES OF ACTION

### A. Negligence of Defendant Clark

18.     The preceding paragraphs are hereby incorporated by reference.

19.     Defendant Clark was directly and affirmatively careless and negligent in the State of Arkansas, including, but not limited to, the following particulars:

    a.     Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

    b.     Driving in such a careless manner as to evidence a failure to maintain proper control of the vehicle, in violation of Ark. Code Ann. § 27-51-104(a),(b)(6), & (b)(8);

c.  Driving at a speed greater than is reasonable and prudent under the conditions in regard to actual and potential hazards existing at the time, and as necessary to avoid colliding with any vehicle upon the roadway, and in the use of due care, in violation of Ark. Code Ann. § 27-51-201(a)(1) & (2);

d.  Failing to properly and safely pass a vehicle on the left, in violation of Ark. Code Ann. § 27-51-307(a)(1) & (2);

e.  Failing to maintain a proper lookout for other traffic, in violation of the common law of Arkansas;

f.  Failing to maintain control of the vehicle, in violation of the common law of Arkansas;

g.  Failing to yield the right-of-way to other vehicles, in violation of the common law of Arkansas;

h.  Failing to maintain appropriate speed under the facts and circumstances, in violation of the common law of Arkansas;

i.  Failing to obey the "rules of the road" in violation of the common law of Arkansas;

j.  Failing to exercise the degree of care that an ordinary prudent person would exercise under the facts and circumstances as they existed at the time of the accident;

k.  Failing to operate a motor vehicle upon Arkansas roadways in such a way as to avoid injuring or killing someone, in violation of the common law of Arkansas; and

6

l.     Failing to operate a reasonably safe semi-tractor trailer with adequate equipment, lighting and braking, in a reasonably prudent and safe manner, and in accordance with the minimum requirements found in the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390, 391, 392, 393, *et seq.*

20.     It was foreseeable that the failure of Defendant Clark to operate the Tractor-Trailer in a reasonably prudent and safe manner would cause an appreciable risk of serious harm or danger to other public users and travelers on the interstate highway system.

21.     Despite this foreseeability, and the corresponding duties imposed by common law, as well as state and federal statutes, Defendant Clark breached the duties owed to Plaintiff, as indicated above.   The breach of these duties led to severe and permanent damages for the Plaintiff.

### B. Direct Negligence and Vicarious Liability for Defendants Cooper Tire & Ryder

22.     The preceding paragraphs are hereby incorporated by reference.

23.     Defendants had a direct, affirmative non-delegable duty, as a commercially licensed trucking operation, to safely and jointly operate their Tractor-Trailer on interstate highways in a reasonably prudent manner and with the highest degree of care.

24.     The applicable Arkansas statutes and the Federal Motor Carrier Safety Regulations were enacted and intended to protect motorists, passengers and pedestrians from the dangerous operation of vehicles, including semi-tractor trailers operating upon public roadways and interstate highways.   At the time of the statutory violations alleged above, Plaintiff was a motorist on an interstate highway, and thus belonged to the class of persons that these Arkansas statues and the Federal Motor Carrier Safety Regulations were enacted and intended to protect.

25.     At all relevant times, Defendant Clark was acting as an agent/employee/servant within the scope and course of his employment with Defendant Cooper Tire, subject to its direction and control while furthering their business interests and financial enterprise on interstate highways in the State of Arkansas.  Cooper Tire, Ryder and driver Stuart Clark were involved in an agency, affiliation, partnership, joint enterprise, joint venture, and alter-ego relationship with regard to transportation of commercial items in interstate commerce.  At all relevant times, these Defendants were "a motor carrier" and an "employer" of driver of "commercial motor vehicles" as those terms are used and defined by Arkansas law and in the United States Department of Transportation Federal Motor Carrier Safety Regulations and are therefore subject to such rules and regulations as promulgated and codified within 49 C.F.R. Parts 382, *et seq.*

26.     Defendant Clark is an agent and employee of Defendant Cooper Tire who was tasked by Defendant Cooper Tire to drive a tractor-trailer through the state of Arkansas on US Highway 67.

27.     The acts and omissions of Defendant Clark are directly imputed to his employer and principle, Defendant Cooper Tire. Defendant Clark's negligent and careless acts and omissions occurred while he was within the scope and course of his employment and in furtherance of the business interests of Defendants on the public roads and interstate highways in the State of Arkansas.

28.     Defendant Cooper Tire is affirmatively negligent and vicariously liable, under the doctrine of *respondeat superior* and imputed conduct, for the conduct of its agent and employee within the course and scope of his employment.

29.     Pursuant to Parts 390 *et seq.* of the Federal Motor Carriers Safety Regulations, Defendants owed the general public, including Plaintiff, a direct and continuing duty to investigate and monitor Defendant Clark's ability, fitness and qualifications to operate a commercial motor vehicle in interstate commerce.

30.     Defendants Cooper Tire & Ryder breached their direct and non-delegable duty of care, and were directly liable to Plaintiff as follows:

        a.      Defendant Cooper Tire & Ryder failed to determine that Defendant Clark lacked the requisite ability, fitness and qualifications to operate a commercial vehicle at the time of his first employment or contracting with Cooper Tire;

        b.      Defendant Cooper Tire & Ryder failed to provide adequate and sufficient training to Defendant Clark such that he could obtain the requisite ability, fitness and qualifications to operate the Ryder TractorTrailer;

        c.      Defendant Cooper Tire failed to determine that Defendant Clark lacked the requisite ability, fitness and qualifications to operate a commercial vehicle between the time of his first employment or contracting with Cooper Tire and the Subject Incident;

        d.      Defendant Cooper Tire failed to train, supervise, monitor and control its employees, including Defendant Stuart Clark, regarding the rules, regulations, procedures and policies applicable to commercial drivers operating semi tractor-trailer trucks on the roads of the United States.

        e.      Defendants Cooper Tire & Ryder failed to ensure that Defendant Clark possessed sufficient knowledge of the Federal Motor Carrier Safety

9

Regulations so as to be in a position to comply with said regulatory scheme and safely operate the Tractor-Trailer;

f.     Defendants Cooper Tire & Ryder failed to monitor the activities of Defendant Clark so as to become aware of his failure to comply with one or more of the Federal Motor Carrier Safety Regulations;

g.     Defendant Cooper Tire & Ryder entrusted, permitted and allowed Defendant Clark to operate the Tractor-Trailer at a time when it knew, or should have known, that he lacked the requisite ability, fitness and qualifications to safely operate the Tractor-Trailer at the time of the Subject Incident; and/or

h.     Defendant Cooper Tire & Ryder entrusted, permitted and allowed Defendant Clark to operate the Tractor-Trailer on public highways in the State of Arkansas at a time when it knew, or should have known, that he was not in compliance with one or more of the Federal Motor Carrier Safety Regulations and Arkansas common law, statutes and rules of the road so as to safely operate the Tractor-Trailer on a public highway and not collide and injure other motorists on the highway.

i.     Defendants Cooper Tire & Ryder entrusted, allowed and permitted Defendant Clark to operate the Ryder Tractor-Trailer and failed to have application policies and/or procedures, commercial motor vehicle and driver manuals, guidelines, driver review and training when they knew, or should have known, that Defendant Clark lacked the requisite ability,

10

fitness and qualifications to safely operate the Ryder Tractor Trailer at the time of the subject incident.

j.  Defendants Cooper Tire & Ryder failed to have policies and/or procedures in place to prevent its drivers, including Clark, from operating Cooper Tire & Ryder's Tractor-Trailer and motor vehicle equipment in a negligent and/or reckless manner on United States highways and during interstate travel.

k.  Cooper Tire & Ryder, through their actions, inactions and omissions, adopted a policy, custom, trade and standard in which they allowed, facilitated, permitted and encouraged, rather than discouraged Defendant Clark, to drive in the negligent and reckless manner in which Clark was driving at the time that he collided with Plaintiff.

31.  As a direct and proximate result of the acts and omissions of Defendants, as described above, Plaintiff suffered severe and permanently disabling injuries, for which he seeks compensation in excess of the amount required for federal diversity jurisdiction.

## VII. PROXIMATE CAUSATION

32.  The facts and allegations recited above are incorporated by reference and made a part hereof as though set out verbatim.

33.  As a direct and proximate result of the negligent acts and/or omissions, Plaintiff sustained severe and permanent injuries.

11

## VIII. <u>INJURIES AND COMPENSATORY DAMAGES</u>

34.     Plaintiff seeks compensation for the damages he has sustained and which were directly and proximately caused by the negligence, careless and reckless conduct of the Defendants, including, but not limited to the following damages permitted by applicable law:

      a.     damages for the nature, extent, duration, and permanency of Plaintiff's injuries;

      b.     full value of Plaintiff's past medical, present and future medical expenses, including all special and consequential damages;

      c.     full value of the expense of Plaintiff's medical care, treatment and services received, including transportation, board and lodging expenses, 24 hour care, and those medical expenses, housekeeping, lodging, transportation and future care taking expenses that will be necessary and reasonably certain to be required in the future, including the value of any life-care plan;

      d.     damages for Plaintiff's pain, suffering and mental anguish experienced in the past, present and future;

      e.     damages for the loss of enjoyment of life, hedonic damages and destruction of Plaintiff's goals and/or opportunities as a person;

      f.     damages for scarring, disfigurement, and other visible results of Plaintiff's injuries;

      g.     the value of all earning, profits, salary, and working time lost in the past, and the present value of any earning, profits, salary, and working time reasonably certain to be lost in the future;

h.      Plaintiff's future loss of past, present and future earning capacity and ability to earn, opportunities to thrive, develop and grow;

i.      loss of services, society, relationships, friendship and companionship sustained by Plaintiff;

j.      full value of the functional services, structure, and support needed by Plaintiff; and

k.      all other compensatory damages allowed by Arkansas law.

35.     The injuries and damages described herein have been suffered in the past, present and are reasonably expected to continue in the future.

## IX. PUNITIVE DAMAGES

36.     Defendants' conduct was negligent, reckless and consciously indifferent under the facts and circumstances, such that malice may be inferred from their acts and conduct in the State of Arkansas.  Defendants knew, or ought to have known, in the light of the surrounding circumstances that Defendants' conduct would naturally and probably result in injuries and damage to other drivers of motor vehicles on public highways, including Plaintiff.  However, Defendants continued such conduct with malice, conscious indifference or in reckless disregard of the consequences from which malice may be inferred.

37.     Punitive damages are warranted and may be imposed against Defendants to deter the Defendants and others from similar conduct.

## X. DEMAND FOR JURY TRIAL

38.     Pursuant to Fed. R. Civ. P. 38, Ark. R. Civ. P. 38, Ark. Const. Art. 2, § 7, Ark. Code Ann. § 16-64-103, Plaintiff hereby demands a trial by jury of all issues of fact.

## XI. **PRAYER FOR RELIEF**

39.    Plaintiff respectfully prays for an award of damages, including, but not limited to, actual, compensatory, special and consequential damages, and a joint and several judgment be entered against Defendants for all damages caused by Defendants, in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate Plaintiff for his injuries and losses suffered because of Defendants' conduct; for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; for punitive or exemplar damages, if applicable under the law, and for all other proper relief, including any costs and attorney's fees incurred on recovering any judgment.

Dated this $/3^{th}$ day of September, 2016.

Respectfully submitted,

Phillip J. Duncan, ABN 74039
Richard L. Quintus, ABN 2000078
William R. Pointer, ABN 2007216
Justin C. Zachary, ABN 2010162
Timothy P. Reed, ABN 2012210
DUNCAN FIRM, P.A.
900 S. Shackleford Road, Suite 725
Little Rock, AR 72211
501-228-7600
501-228-0415, *facsimile*
phillip@duncanfirm.com
richard@duncanfirm.com
rob@duncanfirm.com
justin@duncanfirm.com
tim@duncanfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

FLOYD PENNINGTON                                                    PLAINTIFF

VS.                          Civil Case No. _____

COOPER TIRE & RUBBER COMPANY,
RYDER SYSTEM, INC. D/B/A
RYDER TRUCK RENTAL
RYDER TRUCK RENTAL AND
LEASING and RYDER,
RYDER FLEET PRODUCTS, INC.,
STUART CLARK, truck driver, and
JOHN DOES 1-5                                                      DEFENDANTS

## AFFIDAVIT OF UNKNOWN TORTFEASOR

I, Richard Quintus, first being duly sworn under oath, pursuant to Ark. Code Ann. § 16-56-125, for his John/Jane Doe Affidavit, deposes and states of personal knowledge as follows:

1.      I am Richard Quintus, counsel of record for the Plaintiff in the above-styled case.

2.      I am licensed to practice law in the State of Arkansas and the Eastern and the Western Districts of Arkansas. My Arkansas Bar Association Number is No. 2000078.

3.      The underlying action alleges various causes of action by Plaintiff against Defendants, involving a semi-tractor trailer traveling southbound on United States Highway 67 (US 67), which violently and forcefully collided with Plaintiff's motor vehicle, by number 56 mile marker, near Bald Knob, in White County, Arkansas, on Saturday, December 7, 2013, during the early afternoon.

4.      As a result of the tractor-trailer motor vehicle collision occurring on December 7, 2013, this Complaint is filed alleging claims against all tortfeasors reasonably known and who can be identified upon currently available information.

1

5.      As of the date of the filing of this Complaint, I have been unable to identify with due diligence, based upon the available facts and information, additional tortfeasors who might be directly or vicariously responsible or liable, who may have committed tortious acts or omissions, who may be rightfully included in one or more causes of action listed in this Complaint, or who may be liable for some or all of the Plaintiff's damages who are not named parties and may thereby be brought into the lawsuit by pleading as provided by the Arkansas Rules of Civil Procedure and Arkansas law.

6.      Counsel has a good-faith belief that such additional tortfeasors may exist, and anticipates that the discovery process and further identification of facts and information, not yet known or discoverable by public information, will yield the identity of additional tortfeasors.

7.      In order to protect the interest of the Plaintiff, it is necessary to include allegations against unknown tortfeasors in this Complaint pleading.

8.      I have included and identified the unknown tortfeasors in this Complaint as "John Does 1-5" and will supplement the pleading and caption with the correct information and additional parties and information, when and if it becomes available from facts currently unknown, or not available to the Plaintiff.

*Further Affiant Sayeth Not.*

Executed this 12th day of September, 2016.

_____

Richard Quintus

2

## ACKNOWLEDGMENT

**County of Pulaski** }
                }ss
**State of Arkansas** }

*Subscribed, sworn to and acknowledged* before me, this 12th day of September, 2016.

PAMELA J. ALLEN
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires April 15, 2020
Commission No. 12276554

_____
Notary Public

[Seal]

My Commission Expires: 04/15/2020